

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DONGXIAO YUE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:18-3467-MGL |
| | § | |
| CHUN-HUI MIAO, BIAN-WANG.COM, and | § | |
| DOE 1, *aka lawandorder*, | § | |
|     Defendants. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT MIAO'S MOTION TO DISMISS
AND DISMISSING BIANG-WANG.COM AND DOE 1 FROM THE CASE**

Plaintiff Dongxiao Yue (Yue), proceeding pro se, filed a complaint for breach of contract, tortious breach of implied covenant of good faith and fair dealing, promissory estoppel, intentional infliction of emotional distress, and violations of California Business & Professions Code § 17200 *et seq* (California's Unfair Competition Law). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendant Chun-Hui Miao's (Miao) motion to dismiss and dismiss Bian-Wang.com (BW) and Doe 1 (collectively with Miao, Defendants) as defendants. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

1

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on June 27, 2019, and the Clerk of Court entered Yue's objections on July 12, 2019. The Clerk entered Miao's reply to Yue's objections on July 26, 2019. The Court has carefully reviewed Yue's five objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

### A. Yue's objections to dismissal of his intentional infliction of emotional distress (IIED) claim

Yue objects to dismissal of his IIED claim, arguing section 230 of the Communications Decency Act (CDA) is inapplicable to Defendants' actual postings. The CDA mandates "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The Fourth Circuit has interpreted the CDA to bar "state-law plaintiffs from holding . . . providers legally responsible for information created and developed by third parties" on their website. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Yue's objection is limited to any posts made by Miao himself, not those made by others but hosted on BW, Miao's website.

Even if Yue is correct his IIED claim applied only to Maio's posts—which is unclear from the direct language of the complaint, Compl. ¶ 77 ("Defendants deliberately kept the defamatory

2

and insulting postings against Plaintiff on [BW] for years.")—the claim would fail to survive a motion to dismiss.

Under South Carolina law, an IIED claim requires a plaintiff to show:

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result for his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused by the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable [person] could be expected to endure it.

*Bass v. S.C. Dep't of Soc. Servs.*, 780 S.E.2d 252, 260-61 (2015). The South Carolina Supreme Court mandates a "heightened burden of proof" for the second and fourth elements. *Id.* Yue's complaint fails to sufficiently allege the second element.

The second element of an IIED claim requires the defendant's conduct be "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community." *Bass*, 780 S.E.2d at 261.

It is permissible for a court to hold as a matter of law, based on allegations contained in the complaint, the defendant's conduct is not so extreme and outrageous as to allow recovery for IIED. *Todd v. S.C. Farm Bureau Mutual Ins. Co.*, 278 S.E.2d 607, 609 (1981) *rev'd on other grounds*, 321 S.E.2d 602 (1984), *quashed in part on other grounds*, 336 S.E.2d 472 (1985).

Yue alleges Miao posted comments with "indecent language," as part of a three-year online assault on his character. Compl. ¶¶ 31, 72. He, however, provides scant evidence of the offending comments, the sole example being Maio calling him a "son of a b\*\*ch," and stating he would provide more examples at trial. Compl. ¶ 16. "[I]nconsiderate and insulting" behavior is insufficient to rise to the level of an IIED claim. *Hartsell v. Duplex Prod., Inc.*, 123 F.3d 766, 774 (4th Cir. 1997) (applying is a similarly worded North Carolina statute).

3

In fact, insulting online barbs are neither extreme nor outrageous, as they seemingly have become a mainstay in modern society. *See, e.g.*, *An Increasingly Polarized America, Is It Possible to Be Civil on Social Media*, NPR, Mar. 31, 2019, https://www.npr.org/2019/03/31/708039892/in-an-increasingly-polarized-america-is-it-possible-to-be-civil-on-social-media. Yue failed to allege facts sufficient to meet the second element of an IIED claim. Accordingly, Yue's objections will be overruled and his IIED claim against Maio will be dismissed.

**B. Yue's objections to the dismissal of his breach of contract and promissory estoppel claims**

Yue objects to dismissal of his breach of contract and promissory estoppel claims based on the delete-upon-request clause in BW's website rules. He alleges the clause formulates a promise to users of BW and thus, because it induced reliance from those users, constitutes a contract. Yue's argument is unavailing.

Yue's use of *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), to argue intent to moderate a website equates to a promise, in inapposite to the facts in this case. In *Barnes*, Yahoo made specific promises to the plaintiff about specific actions it would undertake as to specific postings. *Id.* at 1099. This is immensely different from general statements of intent about governance policies for an entire website. *Barnes* fails to establish BW's rules can serve as the basis for a contractual obligation to a specific user.

Further, Yue's reading of the rule itself is tortured, with the text more clearly serving as a warning to posters than a promise to reporters. The rule, as quoted by Yue, states "any blog article that contains a Netizen's user ID in its subject shall be immediately deleted once being reported." Yue Objections at 13. This serves to warn posters articles will be deleted, not to promise to reporters the post will be deleted. It is inherently unreasonable for a reporter to rely on this to create a contractual obligation. *See Love v. Gamble*, 448 S.E.3d 876, 880 (S.C. Ct. App. 1994)

(holding reliance must be reasonable and justifiable to serve as the basis for a contractual obligation).

The delete-upon-request clause in BW's rules manifests no obligation on BW or Maio, with respect to a reporter and therefore there is no valid claim for breach of contract or promissory estoppel. Consequently, the Court concludes Yue's objections on this issue are without merit and both the breach of contract and promissory estoppel claims will be dismissed.

**C. Yue's objections to the dismissal of the Tortious Breach Claim**

Yue merely states "a tort action based on bad faith should be allowed in the instant case." Yue Objections at 17. This is a quintessential "conclusory objection." *Orpiano*, 687 F.2d at 47. Accordingly, the Court will overrule this objection and rely on the reasoning of the Report and declines to conduct a de novo review of this portion of the Report.

**D. Yue's objections to the dismissal of the unfair competition claim**

Yue objects he raised sufficient factual allegations to constitute economic loss under the California Unfair Competition Law and the Report improperly questioned the extraritoriality of the statute. Inasmuch as the Magistrate's determination was based on the failure to sufficiently plead economic loss, rather than potential issues with the extraterritoriality of the California statute, the Court need only address Yue's objection regarding economic loss.

California's unfair competition statute allows "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal Bus. & Prof. Code § 17203. To establish a claim, a plaintiff must demonstrate: 1) "a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic loss," and 2) the "economic injury was the result of . . . the unfair business practice." *Kwikset Corp. v. Superior Court*, 246 F.3d 877, 885 (Cal. 2011).

Most of Yue's allegations for economic loss are conclusory statements. *See* Compl. ¶ 83 ("Plaintiff has suffered and will continue to suffer financial losses."); *id.* ¶ 82 ("[T]he conduct alleged in this complaint [caused] Plaintiff's substantial economic detriment.").

Yue further alleges "Defendants unfairly diminished Plaintiff and [Yue's social media website's] reputation and credibility in comparison with Defendant[s'] websites and created disincentive for others to join or stay in [Yue's social media website]." Compl. ¶ 79. Allegations of economic loss must be "concrete and particularized, . . . not conjectural or hypothetical." *Kwikset*, 246 P.3d at 885 (internal quotations omitted). Yue's allegations Defendants actions "created [a] disincentive" for others to join his site fails to allege any actual users leaving his site or a diminution in future membership. This is a hypothetical immeasurable injury and therefore inadequate for the pleading requirements.

It is axiomatic a plaintiff must plead more than just the elements of his cause of action to withstand a Rule 12(b)(6) motion. Yue's allegations merely restate the elements of *Kwikset* and therefore are insufficient to support a claim under California's Unfair Competition Law. Because Yue failed to meet the pleading requirement, dismissal is appropriate. The Court will reject these objections and will dismiss the California Unfair Competition Law claims.

**E. Yue's objections to the dismissal of Doe 1 and BW as defendants**

Yue objects to Doe 1's dismissal for lack of service and to Miao's pro se representation of BW.

*1. Dismissal of Doe 1 for lack of service of process*

Yue objects to Doe 1's dismissal under Federal Rule 4(m) for lack of service of process. Yue contends he was barred from conducting discovery to uncover the identity of Doe 1,

effectively preventing service of process, and the Magistrate failed to provide him the required notice prior to dismissal.

Even if Yue's objections are valid, the Court adopts the conclusion of the Report albeit on different grounds. *See* 28 U.S.C. § 636(b)(1)(C) (allowing a District Court to accept, reject, or modify, in whole or in part, findings and recommendations from a Magistrate Judge). A district court may, sua sponte, dismiss a complaint if it fails "to state facts entitling the plaintiff to relief." *Eriline Co. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006). Consequently, the Court will dismiss the claims against Doe 1 for the same reasons justifying dismissal of the claims against Maio. As such, the Court will overrule Yue's objection to the suggested dismissal of Doe 1.

   2. *Miao's representation of BW*

Yue alleges BW is a partnership between Miao and Doe 1, and therefore Maio's pro se representation of it is barred. Maio, however, has submitted a declaration stating "I am the sole owner of [BW] . . . . I am the only one legally responsible for the website." Maio Declaration in Support of His Motion to Dismiss ¶ 5.

Yue cites local Rule 83.I.07(B)(2) for this proposition. That rule is inapposite here as it addresses the withdrawal of an attorney already representing a party, not any initial requirement for representation. *Id.* Yue's overall conclusion is correct, however, pro se representation of partnerships is inappropriate. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Under South Carolina law, a partnership is "an association of two or more persons to carry on as co-owners [of] a business for profit." S.C. Code § 33-41-210 (2019). "To determine whether a partnership exists, the following test are used: (1) the sharing of profits and losses; (2) community of interest in capital or property; and (3) community of interest in control and management." *Moore v. Moore*, 599 S.E.2d 467, 477 (S.C. Ct. App. 2004).

7

Yue alleges in paragraph eight of his complaint, "[o]n information and belief, Defendant BIAN is a partnership between Miao and LAO." In Response, Miao filed a Declaration stating "I am the sole owners of Bian-wang.com . . . . I am the only one legally responsible for the website." Declaration of Chun-Hui Maio in Support of His Motion to Dismiss ¶ 5. This declaration may be treated as an affidavit for purposes of analysis. *Cf. Gordon v. CIGNA Corp.*, 890 F.3d 463, 478 (4th Cir. 2018) (drawing no distinction between affidavits and declarations for purposes of summary judgment analysis).

Miao's declaration resolves the issue over the allegations in Yue's complaint. *See Schoenbaum v. Firstbrook*, 405 F.2d 200, 209 (2d Cir. 1968) ("[F]actual issues [are] resolved against the plaintiff wherever defendants' affidavits conflict with the unsupported allegations of the complaint upon information and belief.") *abrogated on other grounds by Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).

The remaining factual allegations in paragraph eight fail to save Yue's complaint. Doe 1 discussing the business plan on the site fails to establish "the sharing of profits and losses" between Miao and Doe 1, "community of interest in capital or property" between Miao and Doe 1, or "community of interest in control and management" between Miao and Doe 1. *Moore*, 599 S.E.2d at 477. All this demonstrates is Doe 1's knowledge of the website's purported business plan.

Because the complaint fails to establish a partnership exists, the Magistrate correctly concluded BW to be an indistinct entity from Maio and suggested BW's dismissal. Alternatively, for the same reasons stated above regarding Doe 1, the Court concludes the complaint fails to state a viable claim against BW and therefore dismissal is appropriate. The Court will overrule the objection.

*****

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Yue's objections, adopts the Report to the extent it conforms with this opinion, and incorporates it herein. Therefore, it is the judgment of the Court Miao's motion to dismissed is **GRANTED** and BW and Doe 1 are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 19th day of November 2019 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.